## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

KANYAMA HAMPTON,

      Petitioner,

                                         CASE NO. 2:11-12233

                                         HONORABLE PAUL D. BORMAN

v.                                     UNITED STATES DISTRICT JUDGE

KENNETH ROMANOWSKI,

      Respondent.

_____/

### OPINION AND ORDER DENYING (1) THE PETITION FOR WRIT OF HABEAS CORPUS; (2) A CERTIFICATE OF APPEALABILITY, AND (3) LEAVE TO APPEAL IN FORMA PAUPERIS

      Kanyama Hampton, ("petitioner"), presently incarcerated at the Richard A. Handlon Correctional Facility in Ionia, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, petitioner challenges his conviction for second-degree murder, M.C.L. 750.317; assault with intent to commit great bodily harm less than murder, M.C.L. 750.84; felon in possession of a firearm, M.C.L. 750.224f; and felony-firearm, M.C.L. 750.227b. For the reasons stated below, the application for a writ of habeas corpus is DENIED WITH PREJUDICE.

### I. BACKGROUND

      Petitioner was convicted of the above offenses following a jury trial in the Wayne County Circuit Court.

      Amos Ragland testified at trial that he was the father of Kimberly King's two children. King was dating petitioner at the time of the murder. Ragland accused petitioner of "looking at

1

his home." (TT, Vol II, p. 144-146).  Michael Wooten, Ragland's cousin, overheard petitioner telling Ragland that "[y]ou're not needed around the corner.  I'm taking care of your kids now." The conversation became confrontational leading to petitioner following Ragland and his friend Terrance Smith down the street while taunting Ragland.  When Ragland responded, "well, we can fight," petitioner responded by pulling a handgun from his coat pocket. (TT, Vol, II, p.37-40).  Petitioner continued to follow Ragland, calling him names.  When Ragland turned around, petitioner had again pulled the handgun out of this pocket and fired a shot hitting Ragland in the leg. (TT, Vol II, p.41-43).  Ragland then saw Smith run past him and heard two more shots. (TT, Vol II, p. 45).  He also observed petitioner running with a gun. (TT, Vol II p. 45).  Wooten, Ragland's cousin, testified at trial that he found Smith laying dead in a driveway. (TT, Vol III, pp. 54-55).

Petitioner's conviction was affirmed on appeal. *People v. Hampton*, No. 262956 (Mich.Ct.App. November 21, 2006); *lv. den.* 478 Mich. 865; 731 N.W. 2d 691 (2007).  Petitioner filed a motion for relief from judgment which consists of issues IV-XI of his habeas petition. The trial court denied the motion because petitioner failed to establish either good cause for failure to raise the claims on direct appeal or actual prejudice, citing MCR 6.508(D).  The Michigan appellate courts denied his application for leave to appeal "for failure to establish entitlement to relief under M.C.R. 6.508(D)." *People v. Hampton*, No. 296071 (Mich.Ct.App. June 9, 2010), *lv. den.* 488 Mich. 1045; 794 N.W. 2d 589 (2011).

Petitioner has now filed an application for habeas relief on the following grounds:

I.  Defendant was deprived of his Fifth and Fourteenth Amendment rights of due process when unfair evidence was introduced of his status as a convicted felon, notwithstanding the charged crime.

2

II. Defendant was deprived of his Fifth and Fourteenth Amendment rights of due process when the court wrongfully assessed restitution.

III. Defendant was deprived of his Fifth and Fourteenth Amendment rights of due process when the prosecuting attorney attempted to shift the burden of proof.

IV. The defendant is entitled to reversal after the trial judge: (A) violated the defendant's right to trial by jury, lessened the jury's duty to decide if the evidence showed guilt beyond a reasonable doubt; and (B) violated the defendant's right to present a defense when he instructed the jury not to believe testimony which would have served to create a reasonable doubt in the minds of the jury, when the ruling was most likely, based on the court's mistaken belief that the testimony was hearsay.

V. The trial court erred by enhancing defendant's sentence with a prior conviction rendered unconstitutional by *Halbert v. Michigan*.

VI. Defendant Hampton is entitled to review of Issues 1 and 2 without a showing of cause where violation of the right to jury trial and complete denial of counsel are structural defects of jurisdictional significance.

VII. Defendant Hampton is entitled to reversal and retrial where defense counsel was ineffective for failing to object to the jury instructions which directed the jury to disbelieve testimony of witnesses who provided substantial support for the defense theory.

VIII. Defendant Hampton is entitled to reversal where his conviction was obtained in violation of his right to confrontation after Dr. Melissa Pasquale-Styles who performed the autopsy report which established cause and manner of the decedent's death did not testify, yet medial examiner Cheryl Loewe, who did not perform the autopsy or prepare a report was allowed to testify to the contents and opinions of Pasquale-Styles report.

IX. Defendant is entitled to reversal where he received ineffective assistance of counsel after trial counsel failed to object to the admission of testimonial hearsay when Dr. Loewe testified to the contents of Dr. Pasquale-Styles autopsy report in violation of defendant's right to confrontation of the declarant who in fact prepared the report.

X. Defendant Hampton is entitled to reversal of his second degree murder conviction where the evidence was insufficient to prove that the decedent died as a result of an act of the defendant.

XI. Defendant is entitled to review of the issues presented in this motion for relief

3

from judgment where cause for failure to present them in a prior appeal was due
to the ineffective assistance of appellate counsel.

Respondent has filed an answer in opposition to the petition for writ of habeas corpus,

which is construed as a motion to dismiss on the basis that the claims are barred by procedural

default. *See Alvarez v. Straub*, 64 F. Supp. 2d 686, 689 (E.D. Mich. 1999). Petitioner has filed a

reply to the response.

## II. STANDARD OF REVIEW

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act

of 1996 (AEDPA), imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody
> pursuant to the judgment of a State court shall not be granted with respect to any
> claim that was adjudicated on the merits in State court proceedings unless the
> adjudication of the claim–
>> (1)    resulted in a decision that was contrary to, or involved
>> an unreasonable application of, clearly established Federal law,
>> as determined by the Supreme Court of the United States; or
>> (2)    resulted in a decision that was based on an unreasonable
>> determination of the facts in light of the evidence presented in
>> the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state

court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law

or if the state court decides a case differently than the Supreme Court has on a set of materially

indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable

application" occurs when "a state court decision unreasonably applies the law of [the Supreme

Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the

writ simply because that court concludes in its independent judgment that the relevant

state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at

410-11.

4

## III.  DISCUSSION

Respondent claims that petitioner's claims are procedurally defaulted for various reasons.

When the state courts clearly and expressly rely on a valid state procedural bar, federal habeas review is also barred unless petitioner can demonstrate "cause" for the default and actual prejudice as a result of the alleged constitutional violation, or can demonstrate that failure to consider the claim will result in a "fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991).  If petitioner fails to show cause for his procedural default, it is unnecessary for the court to reach the prejudice issue. *Smith v. Murray*, 477 U.S. 527, 533 (1986).  However, in an extraordinary case, where a constitutional error has probably resulted in the conviction of one who is actually innocent, a federal court may consider the constitutional claims presented even in the absence of a showing of cause for procedural default. *Murray v. Carrier*, 477 U.S. 478, 479-80 (1986).  However, to be credible, such a claim of innocence requires a petitioner to support the allegations of constitutional error with new reliable evidence that was not presented at trial. *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

A.     Claims 1 through 3

Respondent contends that petitioner's first, second, and third claims are procedurally defaulted because petitioner failed to preserve the issues by objecting at trial and as a result, the Michigan Court of Appeals reviewed the claims for plain error only. *Hampton,* No. 262956, Slip. Op. at * 1-3.

In this case, the Michigan Court of Appeals clearly indicated that by failing to object at trial, petitioner had not preserved his first, second and third claims.  The fact that the Michigan Court of Appeals engaged in plain error review of petitioner's first through third claims does

5

not constitute a waiver of the state procedural default. *Seymour v. Walker,* 224 F.3d 542, 557 (6th Cir. 2000). Instead, this Court should view the Michigan Court of Appeals' review of petitioner's claims for plain error as enforcement of the procedural default. *Hinkle v. Randle,* 271 F.3d 239, 244 (6th Cir. 2001). In addition, the mere fact that the Michigan Court of Appeals also discussed the merits of petitioner's first, second and third claims does not mean that these claims were not procedurally defaulted. A federal court need not reach the merits of a habeas petition where the last state court opinion clearly and expressly rested upon procedural default as an alternative ground, even though it also expressed views on the merits. *McBee v. Abramajtys*, 929 F.2d 264, 267 (6th Cir. 1991).

In the present case, petitioner has offered no reasons for his failure to preserve these three claims. Although ineffective assistance of counsel may constitute cause to excuse a procedural default, that claim itself must be exhausted in the state courts. *See Edwards v. Carpenter*, 529 U.S. 446, 451 (2000). Although petitioner raised several ineffective assistance of counsel claims in his post-conviction motion, he never raised a claim that trial counsel was ineffective for failing to object to the admission of his prior conviction, the court's order to pay restitution or the prosecutor's comments pertaining to the whereabouts of the gun at trial. Because petitioner never raised in the Michigan courts a specific claim about trial counsel's failure to object to the reference of Petitioner's prior conviction during closing argument, the court's order of restitution, or the prosecutor's comments pertaining to the whereabouts of the gun, any alleged ineffectiveness of counsel cannot constitute cause to excuse petitioner's default with respect to his first, second and third claims. *See Wolfe v. Bock,* 412 F. Supp. 2d 657, 684 (E.D. Mich. 2006). Because petitioner has not demonstrated any cause for his procedural default, it is unnecessary to reach the prejudice issue regarding his first, second and

third claims. *Smith*, 477 U.S. at 533.

B.      Claims 4 through 10

Respondent contends that petitioner's fourth through tenth claims are procedurally defaulted because petitioner raised these claims for the first time in his post-conviction motion and failed to show cause and prejudice for failing to raise these claims in his appeal of right, as required by Mich.Ct. R. 6.508(D)(3).

Michigan Court Rule 6.508(D)(3) provides that a court may not grant relief to a defendant if the motion for relief from judgment alleges grounds for relief which could have been raised on direct appeal, absent a showing of good cause for the failure to raise such grounds previously and actual prejudice resulting therefrom. For purposes of a conviction following a trial, "actual prejudice" means that "but for the alleged error, the defendant would have had a reasonably likely chance of acquittal." M.C.R. 6.508(D)(3)(b)(I).

The Supreme Court has noted that "a procedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court rendering a judgment in the case 'clearly and expressly' states that its judgment rests on the procedural bar." *Harris v. Reed*, 489 U.S. 255, 263 (1989). If the last state court judgment contains no reasoning, but simply affirms the conviction in a standard order, the federal habeas court must look to the last reasoned state court judgment rejecting the federal claim and apply a presumption that later unexplained orders upholding the judgment or rejecting the same claim rested upon the same ground. *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991).

The Michigan Court of Appeals and the Michigan Supreme Court rejected petitioner's post-conviction appeal on the ground that "the defendant has failed to meet the burden of establishing entitlement to relief under MCR 6.508(D)." These orders, however, did not refer to

7

subsection (D)(3) nor did they mention petitioner's failure to raise these claims on his direct appeal as their rationale for rejecting his post-conviction claims. Because the form orders in this case citing Rule 6.508(D) are ambiguous as to whether they refer to procedural default or a denial of post-conviction relief on the merits, the orders are unexplained. *See Guilmette v. Howes*, 624 F.3d 286, 291 (6th Cir. 2010). This Court must "therefore look to the last reasoned state court opinion to determine the basis for the state court's rejection" of petitioner's claims. *Id.*

In the present case, the Wayne County Circuit Court judge, in denying petitioner's post-conviction motion, after reciting the "cause and prejudice" standard under M.C.R. 6.508(D)(3), ruled that petitioner had failed to satisfy the "good cause" requirement under M.C.R. 6.508(D)(3) for not raising these claims on his direct appeal. *Hampton,* No. 04-011943-01, Slip. Op. at * 9. The judge further concluded that petitioner had failed to demonstrate "actual prejudice," as required by M.C.R. 6.508(D)(3). *Id.*

Because the trial court judge denied petitioner post-conviction relief based on the procedural grounds stated in M.C.R. 6.508(D)(3), petitioner's post-conviction claims are clearly procedurally defaulted pursuant to M.C.R. 6.508(D)(3). *See Ivory v. Jackson,* 509 F.3d 284, 292-93 (6th Cir. 2007); *See also Howard v. Bouchard,* 405 F.3d 459, 477 (6th Cir. 2005). The fact that the trial judge may have also discussed the merits of petitioner's claims in addition to invoking the provisions of M.C.R. 6.508(D)(3) to reject petitioner's claims does not alter this analysis. *See Alvarez v. Straub,* 64 F. Supp. 2d 686, 695 (E.D. Mich. 1999). A federal court need not reach the merits of a habeas petition where the last state court opinion clearly and expressly rested upon procedural default as an alternative ground, even though it also expressed views on the merits. *McBee v. Abramajtys*, 929 F.2d at 267. Petitioner's fourth through tenth

8

claims are procedurally defaulted.

C.    Post-conviction Claims

With respect to his post-conviction claims, petitioner alleges ineffective assistance of appellate counsel as cause to excuse his procedural default as set forth in his eleventh claim. Petitioner, however, has not shown that appellate counsel was ineffective.

It is well-established that a criminal defendant does not have a constitutional right to have appellate counsel raise every non-frivolous issue on appeal. *See Jones v. Barnes*, 463 U.S. 745, 751 (1983). The United States Supreme Court has explained:

> For judges to second-guess reasonable professional judgments and impose on appointed counsel a duty to raise every 'colorable' claim suggested by a client would disserve the ... goal of vigorous and effective advocacy.... Nothing in the Constitution or our interpretation of that document requires such a standard.

*Id.* at 463 U.S. at 754.

Moreover, "[A] brief that raises every colorable issue runs the risk of burying good arguments-those that, in the words of the great advocate John W. Davis, 'go for the jugular,'-in a verbal mound made up of strong and weak contentions." *Id.* at 463 U.S. at 753 (citations omitted).

The Supreme Court has subsequently noted that:

> Notwithstanding *Barnes*, it is still possible to bring a *Strickland* [*v. Washington,* 466 U.S. 668 (1984)] claim based on [appellate] counsel's failure to raise a particular claim [on appeal], but it is difficult to demonstrate that counsel was incompetent.

*Smith v. Robbins,* 528 U.S. 259, 288 (2000).

Strategic and tactical choices regarding which issues to pursue on appeal are "properly left to the sound professional judgment of counsel." *United States v. Perry*, 908 F.2d 56, 59 (6th Cir. 1990). In fact, "the hallmark of effective appellate advocacy" is the "process of

9

'winnowing out weaker arguments on appeal and focusing on' those more likely to prevail." *Smith v. Murray*, 477 U.S. at 536 (quoting *Barnes*, 463 U.S. at 751-52). "Generally, only when ignored issues are clearly stronger than those presented will the presumption of effective assistance of appellate counsel be overcome." *Monzo v. Edwards,* 281 F.3d 568, 579 (6th Cir. 2002). Appellate counsel may deliver deficient performance and prejudice a defendant by omitting a "dead-bang winner," which is defined as an issue which was obvious from the trial record and would have resulted in a reversal on appeal. *See Meade v. Lavigne,* 265 F. Supp. 2d 849, 870 (E.D. Mich. 2003).

Petitioner has failed to show that appellate counsel's performance fell outside the wide range of professionally competent assistance by omitting the claims that he raised for the first time in his post-conviction motion for relief from judgment. Appellate counsel filed a twenty-four page appellate brief which raised the first three claims that petitioner has presented in his petition. [See Dkt. # 16 (4)]. Petitioner has not shown that appellate counsel's strategy in presenting these three claims and not raising other claims was deficient or unreasonable. Moreover, for the reasons stated by the Wayne County Circuit Court in rejecting petitioner's post-conviction claims and by the Assistant Michigan Attorney General in his answer to the petition for writ of habeas corpus, none of the claims raised by petitioner in his post-conviction motion were "dead bang winners." Because the defaulted claims are not "dead bang winners," petitioner has failed to establish cause for his procedural default of failing to raise these claims on direct review. *See McMeans v. Brigano,* 228 F.3d 674, 682-83 (6th Cir. 2000).

Moreover, because these post-conviction claims lack merit, this Court must reject any independent ineffective assistance of appellate counsel claim raised by petitioner. "[A]ppellate counsel cannot be found to be ineffective for 'failure to raise an issue that lacks merit.'"

*Shaneberger v. Jones*, 615 F.3d 448, 452 (6th Cir. 2010)(quoting *Greer v. Mitchell*, 264 F.3d 663, 676 (6th Cir. 2001)).

In the present case, petitioner has failed to show cause to excuse his default of the claims that he raised for the first time on state post-conviction review.  Because petitioner has not demonstrated any cause for his procedural default, it is unnecessary for the court to reach the prejudice issue. *Smith v. Murray*, 477 U.S. at 533.

Additionally, petitioner has not presented any new reliable evidence to support any assertion of innocence which would allow this Court to consider his claims as a ground for a writ of habeas corpus in spite of the procedural default.  Petitioner's sufficiency of evidence claim [Claim # X] is insufficient to invoke the actual innocence doctrine to the procedural default rule. *See Malcum v. Burt,* 276 F. Supp. 2d 664, 677 (E.D. Mich. 2003).  Because petitioner has not presented any new reliable evidence that he is innocent of these crimes, a miscarriage of justice will not occur if the Court declined to review petitioner's procedurally defaulted claims on the merits. *See Johnson v. Smith*, 219 F. Supp. 2d 871, 882 (E.D. Mich. 2002).

Finally, assuming that petitioner had established cause for the default of his claims, he would be unable to satisfy the prejudice prong of the exception to the procedural default rule, because his claims would not entitle him to relief.  The cause and prejudice exception is conjunctive, requiring proof of both cause and prejudice. *See Matthews v. Ishee,* 486 F.3d 883, 891 (6th Cir. 2007).  For the reasons stated by the Michigan Court of Appeals in rejecting petitioner's first, second and third claims on direct appeal, by the Wayne County Circuit Court judge in rejecting petitioner's fourth through eleventh claims when he denied petitioner's post-conviction motion, and by the Assistant Michigan Attorney General in his answer to the petition

11

for writ of habeas corpus, petitioner has failed to show that his procedurally defaulted claims have any merit.  In particular, the reasons justifying the denial of petitioner's procedurally defaulted claims were "ably articulated by the" Michigan Court of Appeals in rejecting petitioner's first, second and third claims on direct review and by the Wayne County Circuit Court in rejecting petitioner's fourth through eleventh claims on post-conviction review, therefore, "the issuance of a full written opinion" by this Court regarding these claims "would be duplicative and serve no useful, jurisprudential purpose." *See e.g. Bason v. Yukins,* 328 F. App'x. 323, 324 (6th Cir. 2009).  Petitioner is not entitled to habeas relief on his procedurally defaulted claims.

D.      Certificate of Appealability

The Court will deny the petition for writ of habeas corpus.  The Court will also deny a certificate of appealability.  In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).  To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).  When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484.  Likewise, when a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the

12

denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.* at 484. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because reasonable jurists would not find this Court's assessment of petitioner's claims to be debatable or wrong. *Johnson v. Smith,* 219 F. Supp. 2d at 885. The Court will also deny petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *Allen v. Stovall,* 156 F. Supp. 2d 791, 798 (E.D. Mich. 2001).

## IV.  CONCLUSION

Accordingly, the Court **DENIES WITH PREJUDICE** the petition for a writ of habeas corpus.  The Court further **DENIES** a certificate of appealability and leave to appeal *in forma pauperis.*

**SO ORDERED.**

                                      s/Paul D. Borman
                                      PAUL D. BORMAN
                                      UNITED STATES DISTRICT COURT

DATED: March 20, 2014

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 20, 2014.

                                        s/Deborah Tofil
                                        Case Manager